UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:11-cr-00185-JAW |
| | ) | |
| JAMES STILE, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AFFIRMING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE ON MOTION TO SUPPRESS EVIDENCE OBTAINED DURING ILLEGAL STOP OF VEHICLE**

On January 2, 2013, the United States Magistrate Judge filed with the Court a Recommended Decision on the Defendant's motion to suppress evidence obtained during the illegal stop of his vehicle (ECF No. 95). *Recommended Decision* (ECF No. 133). The Magistrate Judge recommended that the Court deny Mr. Stile's motion because the traffic stop was based on reasonable suspicion. *Id*. at 6. Mr. Stile filed his objections to the Recommended Decision on January 16, 2013. *Def.'s Objection to Recommended Decision Re: Def.'s Mot. to Suppress Stop* (ECF No. 138).

I have reviewed and considered the Magistrate Judge's Recommended Decision together with the entire record; I have made a de novo determination of all matters adjudicated by the Magistrate Judge's Recommended Decision; and I concur with the Magistrate Judge's recommendations for the reasons set forth in

her Recommended Decision, and determine that no further proceeding is necessary.[1]

1. It is therefore <u>ORDERED</u> that the Recommended Decision of the Magistrate Judge (ECF No. 133) is hereby <u>AFFIRMED</u>.

2. It is further <u>ORDERED</u> that the Motion to Suppress Evidence Obtained During Illegal Stop of Vehicle (ECF No. 95) be and hereby is <u>DENIED</u>.

SO ORDERED.

<u>/s/ John A. Woodcock, Jr.</u>
JOHN A. WOODOCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 12th day of March, 2013

---

[1] In her Recommended Decision, the Magistrate Judge noted that after the report of a robbery at E.W. Moore & Sons Pharmacy in Bingham, Maine on September 12, 2011, a Ms. Worcester heard radio traffic on a police scanner concerning a report that the robber was operating a bluish minivan on Route 16. *Recommended Decision* at 1-2. Ms. Worcester contacted an acquaintance, Mr. Ferber, who was near Kingsbury Pond on Route 16. *Id.* at 2. Mr. Ferber went out to watch for traffic and saw a car towing a trailer followed by a green Ford Windstar. *Id.* Mr. Ferber told Ms. Worcester who then called the police dispatch, stating—according to the Magistrate Judge—that a "dark green Ford Windstar had just been seen speeding past Kingsbury Pond." *Id.* The Defendant objects to the Government's contention that the driver was reported to be speeding. Instead, he says that Ms. Worcester "clearly states the driver was *not speeding*!" *Def.'s Objection to Recommended Decision Re: Def.'s Mot. to Suppress Stop* at 1.

The Court listened carefully to the disc recordings containing the dispatcher's conversations that were admitted into evidence. The recording of Ms. Worcester's phone call to the dispatcher confirms that she stated: "Conan [Ferber] just said that there was a dark green minivan just came by his house in that of Kingsbury with one sole male occupant and they were going, not speeding, but faster than they should be." *Gov't's Ex.* 20 "Telephone Calls 1738 – 1936" (fourth audio clip) at 5:44-6:50.

In view of the evidence that the green van was not proceeding at an appropriate speed, the Court views the difference between "speeding" and going "faster than it should" to be a matter of semantics. There are two dictionary definitions of "speeding": the first is traveling at an illegal speed and the second traveling at an excessive speed. *Webster's Third Int'l Dictionary* 2189 (2002). The Magistrate Judge's use of the term could well have encompassed the latter definition. Nevertheless, the Court amends the contested sentence in the Magistrate Judge's Recommended Decision from "dark green Ford Windstar had just been speeding past Kingsbury Pond" to "dark green minivan not speeding past Kingsbury Pond, but going faster than it should." This change does not alter the result.